UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| D'ORO R. McKINNEY, *Pro Se*, | Case No.: 1: 18 CV 2429 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| CLIFFORD PICKNEY, SHERIFF, *et al.*, | |
| | MEMORANDUM OF OPINION |
| Defendants | AND ORDER |

*Pro se* Plaintiff D'Oro R. McKinney, a detainee in the Cuyahoga County Jail, has filed a "class action" Complaint in this action pursuant to 42 U.S.C. § 1983 against Cuyahoga County Sheriff Clifford Pickney, Director of Regional Corrections Kenneth Mills, and the "Cuyahoga County Sheriffs Department." (ECF No. 1.) The Complaint complains of a number of conditions in the Jail to which the Plainiff contends detainees are generally subjected, including "Red Zone" lock-downs, inadequate mental and physical health resources, food, access to the law library, sleeping and lodging arrangements, and other, generally inadequate "due process" and "safety" protections. (*Id.* at 1-3.)

The Plaintiff purportedly filed the Complaint on behalf of himself and multiple other detainees in the Jail, also identified as plaintiffs. He seeks "relief" from the alleged conditions, apparently including monetary damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. § 1915A to review all prisoner complaints seeking redress from governmental

entities, officers, or employees, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915A). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed allegations are not required, to state a valid claim under § 1983, a plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not sufficient. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Court finds that the Plaintiff's Complaint must be dismissed pursuant to § 1915A.

First, to the extent the Plaintiff purports to bring this action on behalf of anyone other than himself, his Complaint must be dismissed. The Plaintiff "lacks standing to assert the constitutional rights of other prisoners," and *pro se* prisoners are not permitted to bring class action lawsuits concerning prison conditions. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Gallant v. Holden*, Case No. 1: 16 CV 383, 2016 WL 3742300, at *2 (S.D. Ohio Apr. 21, 2016) (and

cases cited therein).

Second, although the Plaintiff has standing to assert alleged violations of his own constitutional rights, his Complaint fails to allege facts suggesting he has a plausible claim. All of his complaints regarding conditions in the Jail are generalized. No facts are alleged in his Complaint suggesting that, or how, he personally was deprived of a right secured by the Constitution or laws of the United States. Further, the Complaint does not allege facts suggesting that, or how, any named Defendant was specifically involved in such a deprivation. It is well established that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits, and supervisory personnel cannot be liable without allegations demonstrating they were somehow personally involved in alleged unconstitutional conduct. *Wingo v. Tennessee Dept. of Corrections*, 499 F. App'x 453, 455 (6th Cir. 2012). Further, the Cuyahoga County Sheriffs Department is not an entity capable of being sued under § 1983. *See Elkins v. Summit County, Ohio*, Case No. 5:06-CV-3004, 2008 WL 622038, at *6 (N.D. Ohio Mar. 5, 2008) ("Administrative units of a local government, such as a municipal police department, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority").

**Conclusion**

For the reasons stated above, the Plaintiff's Complaint fails to allege any plausible claim and is dismissed pursuant to 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT JUDGE

November 20, 2018